Case No. 24-2118
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

COMMUNITY ASSOCIATIONS INSTITUTE et al.,

*Plaintiff-Appellants*,

*v*.

U.S. DEPARTMENT OF THE TREASURY et al.,

*Defendants-Appellees*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Case No. 1:24-CV-01597-MSN-LRV

_____

## APPELLANTS' MOTION FOR EXPEDITED CONSIDERATION

_____

Brendan Bunn
CHADWICK, WASHINGTON
MORIARY, ELMORE & BUNN P.C.
3201 Jermantown Road, Suite 600
Fairfax, VA 22030
Tel: (703) 352-1900
bpbunn@chadwickwashington.com

*Counsel for Appellants Canterbury
Crossing Condominium Trust,
Townhouse Green Cooperative Inc.,
Terraces on Memorial Homeowners
Association, Farrcroft Homeowners
Association, Regency at Ashburn Greenbrier
Condominium Association*

Damon W.D. Wright
Clair E. Wischusen
GORDON REES SCULLY
MANSUKHANI LLP
277 S. Washington Street, Ste. 550
Alexandria, VA 22314
(703) 650-7030
dwright@grsm.com
cwischusen@grsm.com

*Counsel for Appellant
Community Associations Institute*

Pursuant to Rule 2 of the Federal Rules of Appellate Procedure and Fourth Circuit Local Rule 12(c), Appellants, Community Associations Institute, Canterbury Crossing Condominium Trust, Townhouse Green Cooperative, Terraces on Memorial Homeowners Association, Regency at Ashburn Greenbrier Condominium Association, and Farrcroft Homeowners Association (collectively, "Appellants"), request expedited consideration of this appeal so that briefing and argument may be completed before the January 1, 2025 reporting deadline under the Corporate Transparency Act, 31 U.S.C. § 5336 (the "CTA").

## BACKGROUND

The CTA, enacted January 1, 2021, as part of the omnibus National Defense Authorization Act for Fiscal Year 2021,[1] aims to combat money laundering, terrorism financing, and other illicit activities. It requires that most business entities ("reporting companies") upload and update personal information about individuals ("beneficial owners" and "applicants") to the Financial Crimes Enforcement Network (FinCEN). FinCEN estimates that 32.6 million existing entities, plus five million new entities annually, are subject to the CTA's reporting obligations. *See* Beneficial Ownership Information Reporting Requirements for Financial Crimes Enforcement Network (FinCEN), 87 Fed. Reg. at 59549 (2022).

---

[1] William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, 134 Stat. 3388.

A "reporting company" includes most corporations, LLCs, and similar entities, while a "beneficial owner" encompasses any individual who directly or indirectly controls the entity or owns at least 25% of it. 31 U.S.C. §§ 5336(a)(11)(A), 5336(a)(3)(A); 31 C.F.R. 10101. For each beneficial owner or applicant, companies must report identifying details, including a unique ID number, photograph, and current address. *Id.* § 5336(b)(2)(A). This information must be reported within 30 days of formation of the reporting company, or, in the case of existing reporting companies, by January 1, 2025. *Id.* § 5336(b)(1)(B), (C). If there are any changes to the reported data—such as if a "beneficial owner" or "applicant" moves their personal residence or gets a new driver's license—the entity must provide updated information to FinCEN no more than 30 days after the change. *Id.* § 5336(b)(1)(D). Those who "willfully" fail to comply are subject to a $500 per day civil penalty and criminal penalties of up to $10,000 and two years' imprisonment. *Id.* § 5336(b)(1)(B), (C), (D); § 5336(h)(1), (3).

FinCEN has asserted that all community associations and their unpaid volunteer board members are subject to and must therefore comply with the CTA, except to the extent a community association is described in IRC Section 501(c) and is exempt from tax under IRC Section 501(a). This would mean that over 300,000 community associations and several million unpaid volunteer board members would be required to report their information to FinCEN by January 1, 2025, and thereafter

update their information within thirty (30) days of any change in beneficial owner or board member information, or otherwise face civil and/or criminal penalties. For unpaid volunteers already performing a selfless often thankless role serving their communities, this leaves two unattractive options: either remain on the board and subject themselves to potential liability or now resign.

On September 10, 2024, Plaintiff Community Associations Institute, an advocacy group for community associations, along with several community associations, filed a complaint and motion for preliminary injunction challenging application of the CTA to community associations. Dkt. 1, Dkt. 13, Dkt. 14. Specifically, Plaintiffs asserted that application of the CTA's beneficial owner information reporting requirements to community associations is unwarranted under the statute, violates the Administrative Procedure Act, exceeds Congressional power under Article I, and violates the Fourth Amendment and the First Amendment.

The parties fully briefed Plaintiffs' preliminary injunction motion and on October 11, 2024, the Court held a hearing on the motion. Dkt. 14, Dkt. 35, Dkt. 38, Dkt. 39. On October 24, 2024, the Court issued a memorandum opinion and order denying Plaintiffs' motion. Dkt. 40. Notably, in evaluating the constitutional claims, the district court failed to address at least three pertinent, recent Supreme Court cases that should have warranted a finding of a likelihood of success on the merits—*i.e.*, *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) (Commerce Clause);

4

*City of Los Angeles v. Patel*, 576 U.S. 409 (2015) (Fourth Amendment); *Amers. for Prosperity Found. v. Bonta*, 594 U.S. 595 (2021) (First Amendment). In addition, the district court failed to apply controlling law and did not give appropriate consideration to Plaintiffs' evidence in evaluating irreparable harm, balance of the equities, and public interest. On November 4, 2024, Plaintiffs filed an interlocutory appeal from the Court's ruling pursuant to 28 U.S.C. § 1292(a)(1). Dkt. 41.

Plaintiffs seek expedited briefing in light of the January 1, 2025 CTA reporting deadline and the grave impact it will have on community associations and volunteer board members across the country. Contrary to the district court's holding, the CTA's reporting requirements and penalties are certain to prompt mass resignation by board members over the next few weeks, which would lead to community associations being unable to operate in accordance with state law. At the same time, there is no dispute that no legislative history or other evidence supports that community associations have any connection to money laundering, terrorism financing, or other financial crimes.

## ARGUMENT

The Court may expedite briefing under Federal Rule of Appellate Procedure 2 and Local Rule 12(c). There is good cause for expedited consideration of Appellants' appeal given the imminent January 1, 2025, CTA reporting deadline. Without relief, community associations face severe operational disruptions,

including mass resignation of board members and the possibility of receivership or dissolution, negatively impacting the value of homes within community associations and the well-being of over 30% of Americans who reside in them. The record evidence demonstrates that board members will be dissuaded from volunteering due to the CTA's requirements, leaving associations unable to operate effectively and exposing them to financial penalties. Dkt. 14-1 (attached hereto as Exhibit 1) at Exh. A-1, ¶¶ 25, 28; Exh. A-2, ¶ 21; Exh. A-3, ¶¶ 15-16; Exh. A-4, ¶¶ 16; Exh. A-5, ¶¶ 19-20; Exh. A-6, ¶¶ 32, 38.

Appellants presented substantial constitutional challenges under *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012), *City of Los Angeles v. Patel*, 576 U.S. 409 (2015), and *Amers. for Prosperity Found. v. Bonta*, 594 U.S. 595 (2021), cases which the district court's decision failed to even address, and which should have warranted a finding of likelihood of success on the merits. The district court also erred in reviewing Appellants' declarations and evaluating irreparable harm, the balance of equities, and the public interest.

Appellants request the following briefing schedule to allow adequate consideration while enabling a decision before January 1, 2025:

1.  Appellant file their opening brief by November 12, 2024.

2.  Appellees file their response brief by November 26, 2024.

3.  Appellants file any reply brief by December 3, 2024.

The transcript for the district court hearing is already filed of record, and the appeal presents presently purely legal questions, permitting it to proceed on the existing record without additional fact-finding. An expedited briefing schedule will not impose undue burden on the government, as it has already briefed Appellants' motion for preliminary injunction in the district court, and its counsel is concurrently handling a similar appeal in *National Small Business United v. Yellen*, 24-10736 (11th Cir.). Although Appellants would prefer oral argument, they are prepared to waive it if necessary to facilitate a prompt decision before the January 1, 2025, reporting deadline. Appellants' counsel conferred with Appellees' counsel regarding a mutually agreeable expedited schedule; however, they were unable to reach an agreement.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court expedite briefing and consideration of their appeal and adopt the proposed briefing schedule:

1. Appellants' opening brief due November 12, 2024;

2. Appellees' response brief due November 26, 2024; and

3. Appellants' reply brief due December 3, 2024.

Expedited consideration of this appeal is justified given the imminent January 1, 2025 reporting deadline and the severe, irreparable harm community associations

will incur without timely relief.

DATED: November 7, 2024

Respectfully submitted,

/s/ Brendan Bunn
Brendan Bunn
CHADWICK, WASHINGTON
MORIARY, ELMORE & BUNN P.C.
3201 Jermantown Road, Suite 600
Fairfax, VA 22030
Tel: (703) 352-1900
bpbunn@chadwickwashington.com

*Counsel for Appellants, Canterbury
Crossing Condominium Trust,
Townhouse Green Cooperative Inc.,
Terraces on Memorial Homeowners
Association, Farrcroft Homeowners
Association, Regency at Ashburn
Greenbrier Condominium Association*

/s/ Damon W.D. Wright
Damon W.D. Wright
Clair E. Wischusen
GORDON REES SCULLY
MANSUKHANI LLP
277 S. Washington Street, Ste. 550
Alexandria, VA 22314
(703) 650-7030
dwright@grsm.com
cwischusen@grsm.com

*Counsel for Appellant,
Community Associations Institute*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing document using the Court's CM/ECF system, which will then send notification of such filing to all counsel of record.

*/s/ Damon W.D. Wright*
Damon W.D. Wright
