IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

COMMUNITY ASSOCIATIONS INSTITUTE, et al.,
  *Plaintiffs-Appellants*,

    *v.*

U.S. DEPARTMENT OF THE TREASURY, et al.,
  *Defendants-Appellees*.

No. 24-2118

**OPPOSITION TO MOTION TO EXPEDITE**

  Plaintiffs seek expedition of the briefing in this case, proposing a schedule that would require the government to file a brief defending the constitutionality of an Act of Congress on multiple grounds within two weeks. Nothing about this case, which challenges corporate reporting requirements enacted in January 2021, warrants that sort of extreme expedition. The government is prepared to file its merits brief 28 days after plaintiffs submit their opening brief but opposes any effort to require the government to file its brief more quickly.

1. This is a constitutional challenge to a statute enacted on January 1, 2021. *See* Anti-Money Laundering Act, Pub. L. No. 116-283, 134 Stat. 4547 (2021) (codified at 31 U.S.C. § 5336). To combat money laundering and other crimes that can be committed by anonymous corporate entities, the statute requires certain entities to report the identities of their beneficial owners and certain other representatives. In this appeal, plaintiffs have indicated that they intend to raise multiple constitutional challenges, including arguments that the statute is beyond Congress's authority to enact and that its application to plaintiffs is inconsistent with the First and Fourth Amendments.

Although the statute was enacted in January 2021, plaintiffs did not institute this action until September 2024. Plaintiffs then waited two full weeks after the district court denied their motion for a preliminary injunction before filing this motion to expedite. Plaintiffs propose to file their own opening brief on Tuesday, November 12, 2024, with the government's response due two weeks later, on November 26, 2024, and any reply brief due a week after that, on December 3, 2024.

2. There is no basis for requiring the government to file a brief defending an Act of Congress on multiple grounds within a two-week period. Plaintiffs seek such relief based on the January 1, 2025, reporting date for certain entities—four full years after the Act's enactment—but provide no explanation for why they could not have filed this case earlier to allow sufficient time for briefing on an ordinary schedule. Notably, an Eleventh Circuit case that plaintiffs describe as raising similar challenges to the statute was initiated in November 2022—nearly two years before plaintiffs filed this suit. *See NSBU v. Yellen*, No. 22-1448 (N.D. Ala.) (complaint filed on November 15, 2022).

Plaintiffs' assertions that significant harm will befall community associations if the statute is not enjoined, in addition to being inconsistent with their leisurely approach to filing this litigation in the first place, cannot be reconciled with the district court's finding that plaintiffs "fail[ed] to establish that a substantial number of volunteer board members are likely to resign" because of the reporting requirements. Dkt. No. 40, at 19. Plaintiffs' assertion that board members must "either remain on the board

3

and subject themselves to potential liability or resign," Mot. 4, ignores the straightforward and simple option of reporting the limited information that the Act requires. As the district court recognized, any inconvenience caused by that reporting is "*de minimis*," especially given that "individual taxpayers already disclose [similar] information to the Treasury every time they file their tax returns." Dkt. No. 40, at 19.

Plaintiffs are also mistaken to suggest that the government will not be prejudiced by a severely shortened briefing schedule. Plaintiffs point out that the parties have already briefed the relevant issues in district court, but that is always the case when a matter is on appeal. The Civil Division, Appellate Staff attorneys who represent the government in this appeal did not represent the government in the district court, and although they have handled a related appeal in the Eleventh Circuit, this case presents case-specific issues—such as plaintiffs' First Amendment challenge and their challenge to the statute as applied to community organizations—that were not present in the Eleventh Circuit appeal. And in any event, the government will need to prepare a brief that takes account of this Court's

precedent, and that undergoes review by the interested agencies and components of the federal government before it is filed. As discussed above, the circumstances of this case do not warrant requiring the preparation of a merits brief on such an abbreviated schedule.

    3. The government indicated to plaintiffs' counsel that it would consent to any briefing schedule in which the government is afforded at least 28 days to file its brief as appellee. Because plaintiffs' motion seeks to require the government to prepare and file its brief faster than that, it should be denied.

Respectfully submitted,

DANIEL TENNY

/s/ *Steven H. Hazel*

STEVEN H. HAZEL

*Attorneys*

*Civil Division, Appellate Staff*

*U.S. Department of Justice*

*950 Pennsylvania Ave., N.W., Room 7217*

*Washington, D.C. 20530*

*(202) 514-2498*

NOVEMBER 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Palatino Linotype 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 743 words, according to the word count of Microsoft Word.

                                                    /s/ *Steven H. Hazel*
                                                    Steven H. Hazel

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Steven H. Hazel*
Steven H. Hazel
